**Guy Randy WHITE HORSE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 05–2533.

United States Court of Appeals, Eighth Circuit.

Submitted: Dec. 22, 2006.

Filed: Dec. 27, 2006.

Guy Randy White Horse, Florence, CO, pro se.

Dan Gukeisen, Rapid City, SD, for Appellant.

Gregg S. Peterman, U.S. Attorney's Office, Rapid City, SD, for Appellee.

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

PER CURIAM.

Guy Randy White Horse appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion challenging his sexual-abuse conviction. Having received a certificate of appealability from the district court, he raises issues related to ineffective assistance of counsel and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Upon de novo review, we conclude that White Horse's ineffective-assistance claim fails because it is not reasonably probable that, but for his counsel's alleged errors, the result of his criminal proceedings would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (ineffective-assistance claim requires showing that (1) counsel's performance was objectively deficient and (2) deficient performance prejudiced defense, meaning there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); *Bear Stops v. United States,* 339 F.3d 777, 779 (8th Cir.2003) (district court's denial of § 2255 relief is reviewed de novo). We further conclude that White Horse's *Booker* claim is unavailing. *See Never Misses A Shot v. United States,* 413 F.3d 781, 783–84 (8th Cir.2005) (per curiam) (rule announced in *Booker* does not

---

1. The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

apply to final criminal judgments on collateral review).

The judgment is affirmed. *See* 8th Cir. R. 47B.